# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2034 | **DATE** | March 28, 2011 |
| **CASE TITLE** | Alfonso Paul Cazares (#B-63411) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the Plaintiff to comply with this order within thirty days will result in summary dismissal of this case. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was denied needed medical attention following an attack by a fellow detainee at the Cook County Jail, and that correctional officials balked at prosecuting Plaintiff's assailant.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the Court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will be authorized and ordered to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this Court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from September 24, 2010, through March 24, 2011].

Plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each Defendant named in the amended pleading). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). The complaint on file does not provide any dates. Without any relevant dates, the Court cannot make a threshold of review as to timeliness, as required by 28 U.S.C. § 1915A. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202.

In addition, Plaintiff has not named a proper Defendant. The only named Defendant, the Cook County Department of Corrections, is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Plaintiff must name as Defendants the health care providers who refused treatment and/or the correctional officials who allegedly denied Plaintiff access to medical care.

The amended complaint must drop Plaintiff's claim that an internal affairs officer attempted to discourage him from pressing charges. Plaintiff had no constitutional right to see his assailant punished. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). The officer's reluctance (or failure) to charge the other detainee is not actionable under 42 U.S.C. § 1983.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of the Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.