# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2034 | **DATE** | May 4, 2011 |
| **CASE TITLE** | Alfonso Paul Cazares (#B-63411) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#7] is granted. However, the amended complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A as effectively time-barred. The case is terminated. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Danville Correctional Center. Because the Court finds that the case is time-barred as a practical matter rather than as a matter of law, no "strike" will be assessed under 28 U.S.C. § 1915(g). Plaintiff is once again reminded, for future reference, that he is required to provide the Court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that a correctional officer watched without intervening when a fellow detainee attacked Plaintiff, that he was denied needed medical attention following the attack, and that, afterwards, correctional officials failed to prosecute his assailant.

The Court finds that Plaintiff is unable to prepay the filing fee; accordingly, his motion for leave to proceed *in forma pauperis* is granted. Because Plaintiff has a negative balance in his inmate trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at Plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. *Id.* Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the amended complaint fails to state an actionable claim as a matter of law. A second amended complaint naming a proper Defendant would be time-barred.

Plaintiff has articulated no tenable cause of action against the only named Defendant, Sheriff Tom Dart. Plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violations of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

It is now too late for Plaintiff to name as Defendants those individuals who either failed to protect him from attack or who denied him medical attention. As the Court previously advised Plaintiff, the statute of limitations for Section 1983 actions in Illinois is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Furthermore, in this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Thus, allowing Plaintiff to submit a second amended complaint naming proper Defendants would be futile.\*

Finally, Plaintiff's claim that correctional officials refused to bring charges against his assailant is not actionable under 42 U.S.C. § 1983. As discussed in the Court's Minute Order of March 28, 2011, Plaintiff had no constitutional right to see his assailant punished. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). The jail's failure to charge the other detainee is not actionable under 42 U.S.C. § 1983.

**(CONTINUED)**

---

\*In fact, even the original complaint would appear to have been untimely. Although it is dated and signed on February 28, 2011, it was not received by the Clerk of Court until March 24, 2011, almost a month later.

| STATEMENT (continued) |
|---|

      For the foregoing reasons, this suit is dismissed for effectively failing to state a claim upon which relief may be granted. Because the amended complaint is being dismissed as a practical matter, no "strike" will be assessed under 42 U.S.C. § 1915(g).

      If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike." Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal Court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).